Shane Joseph **FARMER**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–0201–CR–46.

Court of Appeals of Indiana.

Aug. 12, 2002.

David W. Stone, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

· BAILEY, Judge.

### Case Summary

Appellant–Defendant Shane Farmer ("Farmer") appeals the sentence imposed

upon his guilty plea to attempted murder, a Class A felony.[1] We remand for resentencing.

### Issues

Farmer presents two issues for review:

I. Whether the trial court relied upon improper aggravating factors; and

II. Whether the thirty-five year sentence is manifestly unreasonable.

### Facts and Procedural History

On October 9, 2000, Farmer entered the residence of Jim Brown ("Brown"), the boyfriend of Farmer's ex-wife. Farmer accused Brown of mistreating Farmer's child. Farmer repeatedly struck Brown in the head with a broom handle and choked Brown until police officers arrived. While yelling that he would kill Brown, Farmer refused to release Brown until Officer Allen kicked Farmer twice in the face.[2] After he was taken into custody, Farmer threatened Brown "this isn't over, I will still get you." On October 10, 2000, Farmer was charged with attempted murder, burglary resulting in bodily injury, intimidation and resisting law enforcement. On July 28, 2001, Farmer pled guilty to attempted murder and the State dismissed the remaining charges. On September 5, 2001, Farmer was sentenced to thirty-five years imprisonment, with five years suspended. This appeal ensued.

### Discussion and Decision

*I. Reliance on Improper Aggravators*

■ Indiana Code section 35–50–2–4 provides that the sentence for a Class A felony is thirty years, to which up to twenty years may be added for aggravating circumstances or up to ten years may be subtracted for mitigating circumstances.

---

1. Ind.Code § 35–42–1–1(1).

2. Officer Allen is identified only by his surname in the charging information. (Appendix 24.)

"The presumptive sentence assigned to a given class of felony is the penalty determined by the legislature to be appropriate for the standard crime committed by the standard criminal, in other words, where aggravators and mitigators rest at approximate equipoise." *Perry v. State*, 751 N.E.2d 306, 309 (Ind.Ct.App.2001) (quoting *Bustamante v. State*, 557 N.E.2d 1313, 1321 (Ind.1990)).

■ It is within the discretion of the sentencing court to determine whether a presumptive sentence will be increased or decreased because of aggravating or mitigating circumstances. *Jones v. State*, 600 N.E.2d 544, 548 (Ind.1992). Where the sentencing court imposes an aggravated sentence, it must make valid findings to support an aggravator. *Ajabu v. State*, 722 N.E.2d 339, 342 (Ind.2000), *reh'g. denied.*

■ In support of Farmer's enhanced sentence, the trial court identified the following aggravators: (1) that the offense occurred in Brown's home; (2) that Farmer failed to release Brown upon the officer's command; and (3) that Farmer screamed threats that Brown was going to die. (App. 32–35.) Farmer contends that the sentencing court's reliance on facts that supported the burglary, intimidation and resisting law enforcement charges dismissed as part of his plea agreement essentially circumvents the plea agreement and is therefore improper. We agree. *See generally Carlson v. State*, 716 N.E.2d 469, 472–3 (Ind.Ct.App.1999) (holding that a sentencing court cannot circumvent a plea agreement by sentencing a defendant using as an aggravator the distinguishing element between the offense charged and the offense to which the defendant pled guilty).

■ A plea agreement is a contract, binding upon both parties when accepted by the trial court. *Griffin v. State*, 756 N.E.2d 572, 574 (Ind.Ct.App.2001), *trans. denied.* This Court will give effect to the parties' intent. *Id.* The facts that Farmer entered Brown's home without Brown's permission, disobeyed an officer's command to release Brown and communicated a threat to Brown are the facts comprising the dismissed charges. If Brown were sentenced more harshly in reliance upon these facts, he would not receive the full benefit of his plea agreement. As such, the trial court improperly enhanced Farmer's sentence by resort to facts supporting charges dismissed pursuant to a plea agreement.

■ As mitigating factors, the sentencing court found the following: (1) that Farmer had no adult criminal history; (2) that Farmer pled guilty; and (3) that Farmer served in the military and was honorably discharged. These are proper mitigators. Our supreme court has concluded that the lack of a prior criminal record is a factor that deserves "substantial mitigating weight." *Loveless v. State*, 642 N.E.2d 974, 976 (Ind.1994). Moreover, although a guilty plea is not automatically a significant mitigating factor, where the State reaps a substantial benefit from the defendant's plea, the plea saves court time and the victim is spared the trauma of a trial, the defendant should have a substantial benefit returned. *Sensback v. State*, 720 N.E.2d 1160, 1164 (Ind.1999). Finally, a defendant's military service may be given some mitigating weight. *Baird v. State*, 604 N.E.2d 1170, 1182 (Ind.1992).

■ An enhanced sentence may not be imposed absent a valid aggravating factor. *Ajabu*, 722 N.E.2d at 342. Moreover, it appears that the trial court failed to give weight to the mitigators it found. Therefore, in light of the multiple valid mitigators and the trial court's reliance on improper aggravators, we remand to the

trial court for resentencing in accordance with this opinion.

## II. Review of Sentence for Manifest Unreasonableness

Farmer asks this Court to revise his sentence on grounds of manifest unreasonableness, pursuant to Article 7, Section 6 of the Indiana Constitution. However, we decline to exercise our constitutional prerogative, having determined that the appropriate remedy is remand to the sentencing court.

Remanded for resentencing.

NAJAM, J., and ROBB, J., concur.