**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 19 2012, 8:22 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FERNANDO CONTRERAS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1106-CR-255 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause Nos. 45G02-1101-FB-3, 45G02-1101-FC-3

**January 19, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

In this consolidated appeal, Appellant/Defendant Fernando Contreras appeals following his guilty pleas to and convictions for Class B felony Burglary[1] and Class C felony Escape,[2] challenging the appropriateness of his aggregate twelve-year sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the March 7, 2011 guilty plea hearing provides as follows:

With respect to the burglary charge, on or about January 3, 2011, Contreras broke into the home of William Haddad through the back door, causing damage to the door frame, and took multiple items of heirloom jewelry. Contreras's fingerprints were recovered from the jewelry box where the items were kept. Contreras did not have Haddad's permission to enter the home or take the jewelry.

With respect to the escape charge, on or about January 8, 2011, Contreras was taken into custody for possession of cocaine and resisting law enforcement after leading officers on a "highspeed" chase that ended when Contreras crashed his vehicle. Appellant's App. p. 18. Upon being apprehended, Contreras became ill, telling police that he had swallowed three ounces of heroin. Contreras was taken to the hospital, from which he knowingly or intentionally fled from lawful detention by "fle[eing] the hospital naked and br[eaking] into a camper." Appellant's App. p. 19.

On January 11, 2011, the State charged Contreras with Class C felony escape, two

---

[1] Ind. Code § 35-43-2-1 (2010).

[2] Ind. Code § 35-44-3-5 (2010).

counts of Class D felony possession of cocaine, Class D felony resisting law enforcement, Class A misdemeanor resisting law enforcement, Class B misdemeanor false informing, and Class C misdemeanor operating a vehicle after never receiving a license under cause number 45G02-1101-FC-3 ("Cause No. FC-3"). On January 12, 2011, the State charged Contreras with Class B felony burglary under cause number 45G02-1101-FB-3 ("Cause No. FB-2"). On March 7, 2011, Contreras pled guilty to Class B felony burglary under Cause No. FB-2 and Class C felony escape under Cause No. FC-2.

Pursuant to the terms of his plea agreement, the parties were "free to fully argue their respective positions as to the sentence to be imposed" for each charge, but agreed that "said sentences shall be served concurrently." Appellant's App. p. 16. In addition, in exchange for Contreras's plea, the State agreed to dismiss certain other charges, including the remaining charges levied against Contreras under Cause No. FC-3. The trial court accepted Contreras's guilty plea, and on May 16, 2011, imposed a twelve-year sentence in Cause No. FB-2, and a six-year sentence in Cause No. FC-3. The trial court ordered the sentences to be served concurrently to one another. This consolidated appeal follows.

## DISCUSSION AND DECISION

On appeal, Contreras challenges the appropriateness of his twelve-year sentence. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is

3

inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008). We cannot, however, agree that Contreras's sentence is inappropriate.

With respect to the nature of his offenses, Contreras argues that the imposition of aggravated twelve- and six-year sentences was inappropriate because the nature of the actions leading to his burglary and escape convictions was unremarkable, and, as such, warranted advisory sentences.[3] In making this argument, Contreras claims that the aggravated twelve-year-sentence imposed under Cause No. FB-3 was inappropriate because the burglary "was a standard home burglary," as there was nothing in the record suggesting that Haddad was present when Contreras broke into the home and took the jewelry. Appellant's Br. p. 4. Contreras also claims that the aggravated six-year-sentence imposed under Cause No. FC-3 was inappropriate because "there is nothing which indicates [that the escape] was accomplished by force or violence or with particular cunning or planning." Appellant's Br. p. 4. While it is certainly possible that one could envision more egregious circumstances surrounding a potential burglary or escape, we cannot agree that Contreras's actions were wholly unremarkable.[4]

---

[3] Indiana Code section 35-50-2-5 (2010) provides that "[a] person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Indiana Code section 35-50-2-6 (2010) provides that "[a] person who commits a Class C felony shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentencing being four (4) years."

[4] Contreras also argues that the aggravated sentences were inappropriate because the trial court erroneously relied on facts relating to the dismissed resisting law enforcement charge, *i.e.*, the "highspeed" chase, in determining that the nature of his actions warranted an aggravated sentence. In support, Contreras relies on this court's conclusion in *Farmer v. State*, 772 N.E.2d 1025, 1027 (Ind. Ct. App. 2002), in which this court concluded that a trial court cannot circumvent a plea agreement by sentencing a defendant using facts that relate to a dismissed charge as an aggravating factor. At sentencing, the trial court found that with respect to the nature of the escape charge, Contreras endangered public safety. While this could, and indeed likely did,

In any event, even assuming that Contreras's actions were unremarkable, we cannot conclude that his aggregate twelve-year sentence is inappropriate in light of his character. The record reveals that Contreras has had repeated contact with the criminal justice system as both a juvenile and an adult. Contreras has been arrested at least sixteen times for actions including auto theft, possession of a controlled substance or marijuana, theft, robbery, and driving without ever receiving a license, and has a prior felony conviction for assault with a deadly weapon. In addition, Contreras is a Mexican citizen who resides in the United States illegally, and, despite being twice deported to Mexico, continues to return to the United States. Contreras's substantial arrest record, prior conviction, and recurring illegal re-entry into the United States demonstrates a complete lack of regard for the laws of both this country and this State. As such, we cannot say that the aggregate twelve-year sentence imposed by the trial court is inappropriate.

The judgment of the trial court is affirmed.

KIRSCH, J., and BARNES, J., concur.

---

include consideration of the "highspeed" chase, it could also have included consideration of Contreras's act of breaking into a camper after fleeing the hospital, as any act of breaking into the potential dwelling or resting place of another contains the potential for public endangerment. Because we cannot say that the trial court enhanced Contreras's sentence solely because of facts relating to a dismissed charge, we conclude that Contreras's reliance on *Farmer* is misplaced.

5