# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**MARCEL KATZ**
Law Offices of Marcel Katz
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOSE GUZMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 54A01-1209-CR-409 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MONTGOMERY SUPERIOR COURT
The Honorable Peggy Q. Lohorn, Judge
Cause No. 54D02-1110-FB-3391

**April 15, 2013**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

On October 2, 2011, Appellant-Defendant Jose Guzman was involved in a traffic accident when his vehicle collided with a vehicle driven by Charity Bland. Bland died as a result of the injuries she sustained in the accident. Her passenger, Richie Austin, was also severely injured. On October 4, 2011, Guzman was charged with numerous offenses, including Class C felony reckless homicide, stemming from the October 2, 2011 accident. Guzman subsequently pled guilty to the Class C felony reckless homicide charge and, in exchange for Guzman's guilty plea, the State agreed to drop the remaining charges. The trial court subsequently accepted Guzman's plea, and on August 9, 2012, sentenced Guzman to an eight-year term of incarceration in the Department of Correction and ordered him to pay restitution to the Estate/Family of Bland and to Austin.

On appeal, Guzman argues that the trial court abused its discretion in ordering him to pay restitution to Austin and in sentencing him. Guzman also argues that his eight-year sentence is inappropriate. Concluding that the trial court acted within its discretion in ordering Guzman to pay restitution to Austin and in sentencing Guzman, and that Guzman's sentence is not inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

The stipulated factual basis entered during the June 19, 2012 guilty plea hearing provides that on October 2, 2011, Guzman was involved in a traffic accident when his vehicle collided with a vehicle driven by Bland. Bland died as a result of the injuries she sustained in the accident. Her passenger, Austin, was also severely injured. During an investigation into the cause of the accident, the investigating officers determined that

2

Guzman's vehicle had been traveling at a high speed just prior to the accident, but Guzman managed to slow his vehicle to approximately thirty miles-per-hour at the time of impact. Guzman submitted to a blood alcohol test, the results of which indicated that at the time of the accident, Guzman had a blood alcohol concentration ("BAC") of 0.20.

On October 4, 2011, the State charged Guzman with one count of Class B felony operating a vehicle with a BAC of 0.15 or greater causing death,[1] one count of Class C felony operating while intoxicated causing death,[2] one count of Class C felony reckless homicide,[3] one count of Class D felony operating a vehicle with a BAC of 0.15 or greater causing serious bodily injury,[4] and one count of Class D felony operating while intoxicated causing serious bodily injury.[5] On June 19, 2012, Guzman pled guilty to one count of Class C felony reckless homicide. In exchange for Guzman's guilty plea, the State agreed to dismiss the remaining charges. Pursuant to the terms of the parties' plea agreement, sentencing was left to the discretion of the trial court.

The trial court accepted Guzman's guilty plea and conducted a sentencing hearing on August 9, 2012, at the conclusion of which the court sentenced Guzman to an eight-year term. The trial court also ordered Guzman to pay restitution to the Estate/Family of Bland in the amount of $4,510.65 and to Austin in the amount of $20,631.76. This appeal follows.

**DISCUSSION AND DECISION**

---

[1] Ind. Code § 9-30-5-5(b)(1) (2011).
[2] Ind. Code § 9-30-5-5(a).
[3] Ind. Code § 35-42-1-5 (2011).
[4] Ind. Code § 9-30-5-4 (2011).
[5] Ind. Code § 9-30-5-4.

# I. Restitution

Guzman contends that the trial court abused its discretion in ordering him to pay restitution to Austin. Specifically, Guzman claims that the trial court abused its discretion in this regard because Austin was not a victim of the crime to which he pled guilty and because the restitution order was not supported by sufficient evidence.

> "The purpose of a restitution order is to impress upon the criminal defendant the magnitude of the loss he has caused and to defray costs to the victims caused by the offense." *Henderson v. State*, 848 N.E.2d 341, 346 (Ind. Ct. App. 2006). An "order of restitution is within the trial court's discretion" and will only be reviewed for an abuse of that discretion. *Roach v. State*, 695 N.E.2d 934, 943 (Ind. 1998) [*on reh'g*, 711 N.E.2d 1237 (Ind. 1999)]. An abuse of discretion occurs if the court's decision is clearly against the logic and effects of the facts and circumstances before it. *See Palmer v. State*, 704 N.E.2d 124, 127 (Ind. 1999); *Davis v. State*, 772 N.E.2d 535, 540 (Ind. Ct. App. 2002), *trans. denied*. An abuse of discretion also occurs "when the trial court misinterprets or misapplies the law." *Green v. State*, 811 N.E.2d 874, 877 (Ind. Ct. App. 2004) (citing *Tapia v. State*, 753 N.E.2d 581, 585 (Ind. 2001)).
>
> Indiana Code Section 35-50-5-3(a) provides that a court "may, as a condition of probation or without placing the person on probation, order the person to make restitution to the victim of the crime.... The court *shall* base its restitution order upon a consideration of: ... (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime[.]" (Emphasis added). It is well settled that the trial court "may consider only those expenses incurred by the victim *prior* to the date of sentencing in formulating its restitution order." *Carswell v. State*, 721 N.E.2d 1255, 1259 (Ind. Ct. App. 1999) (emphasis added) (citing *Kotsopoulos v. State*, 654 N.E.2d 44, 46 (Ind. Ct. App. 1995), *trans. denied*); *see also T.C. v. State*, 839 N.E.2d 1222, 1225 (Ind. Ct. App. 2005). The amount of actual loss is a factual matter that can be determined only upon the presentation of evidence. *Shane v. State*, 769 N.E.2d 1195, 1199 (Ind. Ct. App. 2002) (citing *Kellett v. State*, 716 N.E.2d 975, 980 (Ind. Ct. App. 1999)).

*Bennett v. State*, 862 N.E.2d 1281, 1286-87 (Ind. Ct. App. 2007) (emphases in original).

## A. Austin Is a Victim of Guzman's Criminal Actions

4

Guzman argues that the trial court abused its discretion in ordering him to pay restitution to Austin because Austin was not the victim of the crime to which Guzman pled guilty. In support, Guzman relies on authority suggesting that "a trial court may not order restitution in an amount greater than the sums involved in those crimes to which the defendant actually pleaded guilty." *Kinkead v. State*, 791 N.E.2d 243, 245 (Ind. Ct. App. 2003) (citing *Polen v. State*, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991), *trans. denied*), *trans. denied*. *Kinkead* and *Polen*, however, can be distinguished from the instant matter because in both cases, the defendants' criminal actions were financial in nature and the restitution order was not based upon repayment for medical bills stemming from physical injuries sustained because of the defendants' criminal conduct.

Again, Indiana Code section 35-50-5-3(a) provides that a court "may … order the person to make restitution to the victim of the crime." "The court *shall* base its restitution order upon a consideration of: ... (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime[.]" Ind. Code § 35-50-5-3(a). "Though 'victim' is undefined," the Indiana Supreme Court has held that a person who suffers "'loss as a direct and immediate result of the criminal acts of a defendant'" may be considered a victim under Indiana Code section 35-50-5-3(a). *Roach*, 695 N.E.2d at 943 (citing *Reinbold v. State*, 555 N.E.2d 463, 470 (Ind. 1990), *overruled in part on other grounds by Wright v. State*, 658 N.E.2d 563 (Ind. 1995)).

Here, Austin was clearly a victim of Guzman's criminal behavior and incurred medical and hospital costs as a result. Guzman does not dispute that Austin was injured as a

direct result of the collision between his and Bland's vehicles or that he was under the influence of alcohol at the time of the collision. As such, Austin indisputably qualifies as a victim of Guzman's criminal acts under Indiana Code section 35-50-5-3(a).

## B. Sufficiency of Evidence Supporting Restitution Award

Guzman also claims that the trial court abused its discretion because the evidence was insufficient to support the restitution award. Unlike when restitution is ordered as a condition of probation or a suspended sentence, when restitution is ordered as part of an executed sentence, and therefore is not a condition of probation or a suspended sentence, an inquiry into the defendant's ability to pay is not required. *Shaffer v. State*, 674 N.E.2d 1, 9 (Ind. Ct. App. 1996) (citing *Bitner v. State*, 546 N.E.2d 117, 120 (Ind. Ct. App. 1989)). This is so because in such a situation, restitution is merely a money judgment and a defendant cannot be imprisoned for his failure to pay the restitution. *Id.*

Although the trial court could properly choose to hold a hearing on a defendant's ability to pay restitution, it is not required to do so, and may make a proper inquiry, depending on circumstances, by such actions as reviewing the pre-sentence report and questioning witnesses. *Laker v. State*, 869 N.E.2d 1216, 1221 (Ind. Ct. App. 2007) (citing *Polen*, 578 N.E.2d at 758–59). "Evidence supporting a restitution order is sufficient 'if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" *S.G. v. State*, 956 N.E.2d 668, 683 (Ind. Ct. App. 2011) (quoting *T.C.*, 839 N.E.2d at 1227).

Here, Austin's attorney submitted a letter to the Montgomery County Probation

6

Department setting out Austin's claim for restitution for medical expenses incurred as a result of the accident, breaking down the total by amount and to whom the amount was due. This letter was made an addendum to the pre-sentence report and was submitted to the trial court for consideration as a part of said report. The letter establishes the exact amount of loss incurred by Austin. It provides a reasonable basis for determining his loss, and does not subject the trial court to speculation or conjecture with regards to the loss incurred by Austin. As such, we conclude that it is sufficient to support the trial court's restitution order. *See id.*

Having concluded that Austin was indisputably a victim of Guzman's criminal actions and that the evidence is sufficient to support the trial court's restitution order, we further conclude that the trial court did not abuse its discretion in ordering Guzman to pay restitution to Austin.

## II. Sentencing

Guzman also contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offense and his character.

## A. Abuse of Discretion

Guzman claims that the trial court abused its discretion in finding certain aggravating factors and failing to find a certain mitigating factor. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable,

7

probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted). When imposing a sentence in a felony case, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Id*.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

In sentencing Guzman, the trial court found the following aggravating factors: (1) Guzman's conduct also caused bodily injury to another person; (2) Guzman's criminal history, which included a prior DUI conviction and convictions for other driving-related crimes; (3) Guzman had a pending criminal case at the time he committed the instant offense; (4) Guzman, a Mexican immigrant, does not have legal status in the United States; and (5) Guzman's driver's license was suspended at the time of the accident. The trial court also found the following mitigating factors: (1) Guzman pled guilty; (2) Guzman had dependents to support; and (3) Guzman appeared remorseful. In addition, the trial court considered the impact the accident had on the victim's family and the facts and circumstances surrounding the accident, including the report from the investigation into the cause of the accident. After considering each of these factors, the trial court ordered Guzman to pay restitution to the

Estate/Family of Bland and to Austin, and imposed an eight-year term of imprisonment.

## 1. Aggravating Factors

On appeal, Guzman does not challenge all of the aggravating factors considered by the trial court. Guzman argues only that the trial court abused its discretion in considering the fact that his actions resulted in bodily injury to another person, his illegal status, and the impact the accident had on the victim's family.

### i. Actions Resulted in Bodily Injury

Guzman argues that the trial court abused its discretion in finding the fact that his actions resulted in bodily injury to another person as an aggravating factor because the bodily injury was an essential element of two of the charges that were dismissed pursuant to his plea agreement. Guzman cites to *Farmer v. State*, 772 N.E.2d 1025 (Ind. Ct. App. 2002), and *Roney v. State*, 872 N.E.2d 192 (Ind. Ct. App. 2007), in support of his argument that the bodily injury suffered by Austin cannot be used as an aggravating factor at sentencing because it is an essential element of a dismissed charge. However, *Farmer* and *Roney* were explicitly abrogated by the Indiana Supreme Court's recent opinion in *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013).

In *Bethea*, the Indiana Supreme Court held that "it is not necessary for a trial court to turn a blind eye to the facts of an incident that brought the defendant before them" so long as the parties do not agree to a plea bargain that "forecloses the possibility of the trial court using enhancements from the underlying charges that were dismissed, or from the original charges from which a lesser included plea is taken." 983 N.E.2d at 1145. The Court

9

reiterated that, as it stated in *Anglemyer,* "'the nature and circumstances of the crime as well as the manner in which the crime is committed' is a valid aggravating factor." *Id*. (quoting *Anglemyer*, 868 N.E.2d at 492). Upon reviewing the facts and circumstances before it, the Court held that the trial court did not err by giving significant weight to the facts relating to the dismissed charges because the parties did not agree to a plea bargain that foreclosed the possibility of the trial court considering said facts. *Id*. The Court further held that "the State's obligations under the plea agreement were fulfilled upon the dismissal of the seven remaining counts and it owed the defendant no further duty to omit these facts from the aggravating circumstances consideration." *Id*.

Here, like in *Bethea*, the plea bargain agreed to by the parties did not contain any language foreclosing the trial court from considering the facts and circumstances relating to the dismissed charges. As such, the trial court was not required to "turn a blind eye" to the facts of the incident that brought the defendant before it. *See id*. The trial court acted within its discretion in considering the nature and circumstances of the accident from which the underlying criminal charges stemmed, including the injuries suffered by Austin, as a valid aggravating factor.

### ii. Illegal Status

Guzman also argues that the trial court abused its discretion in finding his status as an illegal immigrant to be an aggravating factor. In *Sanchez v. State*, however, this court concluded that an individual's unlawful immigration status is a valid aggravating factor because it demonstrates a disregard for the law, including immigration laws. 891 N.E.2d

10

174, 176 (Ind. Ct. App. 2008). As such, the trial court did not abuse its discretion in finding Guzman's status as an illegal immigrant to be an aggravating factor.

### iii. Impact on Victim's Family

In addition, Guzman argues that the trial court abused its discretion in finding the serious impact of his conduct on Bland's family to be an aggravating factor. The Indiana Supreme Court has held that "[i]t is settled law that where '[t]here is nothing in the record to indicate that the impact on the families and victims in this case was different than the impact on families and victims which usually occur in such crimes,' this separate aggravator is improper." *McElroy v. State*, 865 N.E.2d 584, 590 (Ind. 2007) (quoting *Mitchem v. State*, 685 N.E.2d 671, 680 (Ind. 1997)). We are not convinced that the trial court's statement at sentencing demonstrates that the impact on Bland's family was different than the impact on similarly situated families or is so distinct so as to rise to the level of an aggravating circumstance.

Nevertheless, even if the sentencing court in this case improperly used victim family impact as an aggravating circumstance, the sentencing court did find at least five valid aggravating factors. It is well-settled that a single aggravating factor is sufficient to warrant an enhanced sentence. *Morgan v. State*, 829 N.E.2d 12, 15 (Ind. 2005); *Gibson v. State*, 702 N.E.2d 707, 710 (Ind. 1998); *Williams v. State*, 690 N.E.2d 162, 172 (Ind. 1997); *Rembert v. State*, 832 N.E.2d 1130, 1133 (Ind. Ct. App. 2005); *Bennett v. State*, 787 N.E.2d 938, 947 (Ind. Ct. App. 2003), *trans. denied*. When a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence

11

enhancement may still be upheld. *Bacher v. State*, 722 N.E.2d 799, 803 (Ind. 2000) (citing *Gibson*, 702 N.E.2d at 710; *Blanche v. State*, 690 N.E.2d 709, 715 (Ind. 1998)).

In the instant matter, the trial court found five valid aggravating factors. These aggravators include the fact that Guzman's conduct also caused bodily injury to another person; Guzman had a criminal history which included a prior driving under the influence ("DUI") conviction and convictions for other driving-related crimes; Guzman had a pending criminal case at the time he committed the instant offense; Guzman, a Mexican immigrant, did not have legal status in the United States; and Guzman's driver's license was suspended at the time of the accident. These five valid aggravating factors are sufficient to warrant Guzman's enhanced sentence.

### 2. Mitigating Factors

Guzman also claims that the trial court abused its discretion in failing to consider the fact that Bland induced or facilitated the accident as a significant mitigating factor. Although a sentencing court must consider all evidence of mitigating factors offered by a defendant, the finding of mitigating factors rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Id.* (internal quotations omitted). The trial court is not obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001) (citing *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind. 1997)). Furthermore, while Indiana law mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure

to find mitigating factors that are clearly supported by the record may imply that the trial court failed to properly consider them, *id*., an allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

Guzman claims that the trial court abused its discretion because it did not find the fact that Bland's actions contributed to the cause of the accident to be a mitigating factor. In support, Guzman points to the accident investigation report which indicates that Bland failed to yield while attempting to make a left-hand turn in front of Guzman's vehicle and that Bland had trace amounts of THC in her system. Guzman, however, has failed to provide a nexus between any trace amount of THC that may have been found in Bland's system and the accident, or evidence establishing that the trace amount of THC found in Bland's system was such that would lead to impairment. Instead, Guzman merely argues that Bland must have also been driving under the influence and, as a result, should share the blame for the accident. At sentencing, the trial court considered the investigation report as well as Guzman's argument relating to Bland's alleged fault in the accident but appeared to be unconvinced that such alleged fault amounted to a significant mitigating factor. The trial court did not abuse its discretion in this regard.

Moreover, Guzman's attempt to shift the blame for the accident from his own reckless behavior and apparent disregard for the law to Bland does not help his case. Guzman does not challenge the portion of the investigation report which indicated that his vehicle was

13

traveling at an unsafe speed and that his BAC was two-and-one-half times the legal limit at the time of the accident. It seems reasonable to assume that, had Guzman not been driving while impaired or had he been traveling at a safe speed, he likely would have been able to avoid the accident altogether, regardless of Bland's actions.

Having concluded that the valid aggravating factors found by the trial court warranted an enhanced sentence and that the trial court did not abuse its discretion in failing to find as a mitigating factor that Bland induced or facilitated the offense, we further conclude that the trial court did not abuse its discretion in sentencing Guzman.

## B. Appropriateness of Sentence[6]

Guzman also challenges his sentence by claiming that it is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his

---

[6] On appeal, Guzman argues that his eight-year sentence was manifestly unreasonable. However, we remind Guzman and his counsel that the appropriate standard of review is no longer whether a sentence is manifestly unreasonable but rather whether the sentence is inappropriate. *See* Ind. Appellate Rule 7(B).

sentence is inappropriate. *Sanchez*, 891 N.E.2d at 176.

With respect to the nature of Guzman's offense, the record demonstrates that Guzman recklessly drove a vehicle at a high rate of speed while intoxicated, resulting in a collision with Bland's vehicle. The investigation into the cause of the accident indicated that Guzman's vehicle had been traveling at a speed of approximately eighty miles per hour prior to the accident and that Guzman had a BAC of 0.20, which is two-and-one-half times the legal limit. Further, as a result of the collision, Bland died and her passenger, Austin, was severely injured.

With respect to Guzman's character, the record demonstrates that, while Guzman appears to financially support his wife and dependent children, he nonetheless has a criminal history. Guzman's criminal history includes prior misdemeanor convictions for driving under the influence of alcohol, driving on a suspended license, and failure to stop at the scene of an accident resulting in damage. At the time of the accident, Guzman was also driving on a suspended license and had a pending misdemeanor case for failure to stop at the scene of an accident.

Guzman argues that it reflects well on his character that he showed remorse, accepted responsibility for his actions, and pled guilty. While we believe that Guzman is, without a doubt, sorry that Bland died and Austin was seriously injured in the accident, we find this argument to be disingenuous because Guzman's attempt to shift the blame for the accident to Bland seems to indicate that he has not fully accepted responsibility for the wrongfulness of his actions. As such, we are left with the belief that Guzman's decision to plead guilty was

15

more of a tactical decision than a true desire to accept responsibility for his actions.

In light of Guzman's actions, which included driving a vehicle at a high rate of speed with a BAC of 0.20 and getting into an accident with another vehicle, leaving one person dead and another severely injured; Guzman's criminal history, which included a prior conviction for driving while intoxicated; and Guzman's attempt to shift blame for the accident to the deceased victim, we cannot say that his eight-year sentence is inappropriate.

The judgment of the trial court is affirmed.

RILEY, J., and BROWN, J., concur.