Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Office of the Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAQUARI DAQUION DODD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1309-CR-462 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1212-FB-119

**April 2, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Jaquari Daquion Dodd appeals his below-advisory sentence of three and a half years for Class C felony robbery. We affirm.

ISSUE

Dodd's sole issue for our review is whether the trial court abused its discretion in sentencing him.

FACTS AND PROCEDURAL HISTORY

On September 19, 2012, eighteen-year-old Dodd and another individual went to Walter Griffin's apartment in Hammond, Indiana, and stole his television and cell phone by force or threat of force.

In December 2012, the State initially charged Dodd with Class B felony robbery while armed with a deadly weapon. In June 2013, the parties reached a plea agreement in which Dodd would plead guilty to a lesser charge of Class C felony robbery, with both sides to argue their respective positions at sentencing; in exchange, the State would agree to a sentencing cap of five years and would dismiss a separate cause number against Dodd involving a Class C felony intimidation charge.

The sentencing hearing was continued twice while waiting for juvenile records from Cook County, Illinois, where Dodd's presentence investigation report showed thirteen arrests but no record of dispositions. At the beginning of the August 2013 sentencing hearing, the trial court noted that the juvenile records had not been received but that the court was "prepared to move forward, notwithstanding the incomplete presentence investigation report, specifically with regard to the 13 something contacts the

defendant has had through juvenile court." Tr. p. 17. Dodd did not object to the hearing proceeding on that day, and his counsel indicated in open court that the presentence investigation report was otherwise accurate.

Dodd's mother Tasha Dodd testified on behalf of Dodd that he was the father of two children, a two-month-old and a six-month-old, both born while he was in custody. She also testified that Dodd had been suspended or expelled from school and sent to an alternative school. As to his juvenile arrest record, his mother testified that Dodd had been placed on probation once and put in a juvenile detention facility twice. She also affirmed that Dodd had a pending burglary charge in Illinois.

Dodd argued for an advisory four-year sentence, with credit for time served and the remainder suspended to probation. The State argued for an enhanced sentence of five years.

The trial court imposed a sentence of three and a half years to be executed in the Department of Correction. Its written sentencing order reflects that it identified as mitigating circumstances that Dodd had pleaded guilty and admitted responsibility. As aggravating circumstances, the court identified his pending burglary charge and his extensive record of arrests and contacts with law enforcement, to-wit:

> [A]lthough the court has no records to show convictions, the defendant has one(1) [sic] pending Burglary from the State of Illinois and seventeen (17) prior contacts with . . . law enforcement as a juvenile beginning at the age of 13. Some of the arrests were for aggravated assault or battery.

Appellant's App. p. 49. In its oral sentencing statement, the court said:

Your sentence is three and a half years in the Department of Correction as a result of all your juvenile adjudications and contacts, and the fact that you have a pending burglary in Illinois. And that's a gift.

I could have rejected your plea and forced you to go to trial on an armed robbery and now you're looking at six to 20. So appreciate this idea that I've given you. Whether you like it or not, it's a gift as I see it. And try very hard not to come back here again. Get your life in order and appreciate the fact that you have a family still having your back.

Tr. p. 58.

Dodd now appeals his sentence.

## DISCUSSION AND DECISION

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* Among other ways, the trial court abuses its discretion when it enters a sentencing statement that includes reasons that are unsupported by the record. *Id.*

Dodd contends the trial court abused its discretion in sentencing him by relying on his juvenile record as an aggravator even though there was no evidence of any juvenile adjudications. He claims the court's comments at the sentencing hearing showed it assumed from the sheer number of juvenile arrests that some of them must have resulted in adjudications: "So in the end, you have all these juvenile contacts. And I'm convinced

4

at least some of those were adjudications.  Seventeen, if I'm not mistaken -- if not 15, 16, 17 -- that's a lot."[1]  Tr. p. 54.

But the court's conclusion that Dodd had at least some adjudications was not based entirely on the number of juvenile arrests.  Rather, Dodd's mother testified at the sentencing hearing, without objection or impeachment of her testimony, that as a result of his juvenile arrests, Dodd had been placed on probation once and put in a juvenile detention facility twice.

Moreover, our reading of the sentencing statements indicates that the trial court was more concerned about his extensive record of arrests, some of which were for violent offenses, than his juvenile adjudications.  It is well established that allegations of prior criminal activity need not be reduced to conviction before they may be properly considered as aggravators by a sentencing court.  *Tunstill v. State*, 568 N.E.2d 539, 544-45 (Ind. 1991).  The Indiana Supreme Court has stated:

> While a record of arrests does not establish the historical fact of prior criminal behavior, such a record does reveal to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight of the activities of its citizens.  This information is relevant to the court's assessment of the defendant's character and the risk that he will commit another crime and is therefore properly considered by a court in determining sentence.

*Id.* at 545.  Dodd's record of arrests, including the nature of the underlying offenses, was thus a proper consideration when the trial court determined his sentence.

---

[1] The trial court was mistaken.  The presentence investigation report's summary of Dodd's legal history shows that he has had seventeen contacts with law enforcement, with thirteen of those contacts occurring when he was a juvenile.  Appellant's App. p. 63.  Although Dodd notes this discrepancy in a footnote, *see* Appellant's Br. p. 4 n.2, he does not argue that it requires any revision to his sentence, nor would we agree with such a claim.

In any event, the trial court also cited Dodd's pending burglary charge in Illinois as an aggravator. Criminal charges pending at the time of a defendant's sentencing hearing may properly be considered as an aggravating circumstance. *Id.* at 545. Dodd's pending burglary charge alone would have been enough to support an enhanced sentence. *See Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013) (noting that a single aggravating factor is sufficient to warrant an enhanced sentence).

Instead of an enhanced sentence of five years as argued by the State, or even Dodd's requested advisory sentence of four years, the trial court imposed only three and a half years. Given Dodd's pending burglary charge, his extensive record of arrests and contacts with law enforcement, and the fact that his plea agreement allowed him to plead to a lesser charge of Class C felony robbery and to avoid prosecution in a separate felony case, we agree with the trial court that the sentence of three and a half years was a show of leniency intended to encourage rehabilitation. We conclude the trial court did not abuse its discretion in sentencing him.

CONCLUSION

We therefore affirm Dodd's sentence.

ROBB, J., and PYLE, J., concur.