# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 22 2016, 6:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Charles W. Lahey
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Leonard Talton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2016

Court of Appeals Case No.
71A03-1510-CR-1677

Appeal from the St. Joseph
Superior Court

The Honorable Elizabeth C.
Hurley, Judge

Trial Court Cause No.
71D08-1404-FC-76

**Baker, Judge.**

Leonard Talton appeals the sentence imposed by the trial court after Talton pleaded guilty to class C felony possession of cocaine, two counts of class D felony resisting law enforcement, and class A misdemeanor possession of marijuana. Talton argues that the trial court abused its discretion in the mitigating factors it considered and how it weighed those factors. He also contends that the sentence is inappropriate in light of the nature of the offenses and his character. Finding no abuse of discretion and that the sentence is not inappropriate, we affirm.

## Facts

On April 9, 2014, shortly after midnight, South Bend Police Officers Erik Schlegelmilch and Michael Stuk observed a fast-moving vehicle travel through a red light. The officers began to pursue the vehicle, which was driven by a person later identified as Talton. Attempting to initiate a traffic stop, the officers activated their police vehicle's emergency lights and siren. Talton stopped the vehicle, exited, and fled on foot into a dark alley. The officers pursued Talton and, after catching up to him, Officer Stuk deployed his taser. Talton fell to the ground and then got up and continued to flee. Officer Schlegelmilch then deployed his taser, which slowed Talton enough that Officer Stuk was able to get on top of him. As the two officers attempted to subdue Talton, he continued to struggle, kicking Officer Schlegelmilch's shin hard enough to cause bleeding, redness, swelling, and severe pain. Talton continued to struggle and resist being arrested, kicking at the officers and grabbing for their utility belts. The officers were unable to handcuff Talton until two additional

officers arrived at the scene and assisted. The officers arrested Talton and later found 6.6 grams of cocaine in Talton's pants pocket.

[3] The State charged Talton with class C felony possession of cocaine, two counts of class D felony resisting law enforcement, class A misdemeanor possession of marijuana, and class A misdemeanor operating a vehicle under the influence of alcohol. On June 8, 2015, Talton pleaded guilty as charged except for the operating a vehicle under the influence charge, which the State dismissed. On October 10, 2015, the trial court sentenced Talton as follows: (1) five years for possession of cocaine; (2) two years each for the two counts of resisting law enforcement; and (3) one year for possession of marijuana. The trial court ordered the sentences for possession of cocaine and one of the counts of resisting law enforcement to be served consecutively, with the remaining sentences to be served concurrently, for an aggregate seven-year sentence. Talton now appeals.

## Discussion and Decision

## I. Mitigating Factors

[4] While Talton frames his argument as an appropriateness argument, he actually contends in part that the trial court erred in its consideration of mitigating factors. As we apply a different standard of review to this argument, we will consider it separately. The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007). The trial court is not obligated to accept the defendant's argument

as to what constitutes a mitigating factor, nor is it required to give the same weight to proffered mitigators as does the defendant. *Cotto v. State*, 829 N.E.2d 520, 525 (Ind. 2005). We no longer review a trial court's weighing of mitigators and aggravators. *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[5] Initially, we note that the trial court found two mitigators: Talton's guilty plea and his employment. To the extent that Talton contends that the trial court did not weigh these mitigators heavily enough, we will not review the argument. *Id.*

[6] At the sentencing hearing, Talton presented multiple letters from friends and colleagues regarding his positive involvement in the community. The trial court declined to find this as a mitigator, and Talton contends that it abused its discretion in this regard. We disagree. It would have been reasonable for the trial court to have concluded that, while the letter writers were aware of one facet of Talton's life, they were not aware of his extensive and violent criminal history. As such, it was not an abuse of discretion for the trial court to conclude that the substance of the letters was not significant or mitigating. *See Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013) (holding that there is no abuse of discretion in refusing to find mitigators where they are disputable in nature, weight, or significance).

# II. Appropriateness

Next, Talton contends that the aggregate seven-year sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

Here, Talton was convicted of one class C felony, two class D felonies, and one class A misdemeanor. For the class C felony, he faced a sentence of two to eight years, with an advisory term of four years. Ind. Code § 35-50-2-6.[1] He received a term of five years—slightly more than the advisory term but well under the maximum. For the class D felonies, he faced a term of six months to three years, with an advisory term of one and one-half years. I.C. § 35-50-2-7. Talton received terms of two years—again, slightly more than the advisory term but under the maximum. For the class A misdemeanor conviction, Talton received a maximum one-year term. I.C. § 35-50-3-2. The trial court elected to

---

[1] We apply the versions of the sentencing statutes that were in effect at the time Talton committed the offenses.

run only two of these terms consecutively, for an aggregate term of seven years, far less than Talton potentially faced had all terms been run consecutively.

[9] As for the nature of the offenses, Talton led two police officers in a foot chase. He resisted arrest with such force that he injured one of the officers, required them to deploy their tasers more than once, and necessitated a call for two back-up officers. Only with the presence of the two additional officers—four total— were they able to subdue and arrest him. He also possessed a substantial amount of cocaine—6.6 grams, which is more than twice the amount required for a class C felony conviction. Ind. Code § 35-48-4-6. We do not find that the nature of these offenses aids Talton in his inappropriateness argument.

[10] As for Talton's character, we are compelled to highlight his extensive criminal history. He has six prior felony convictions, including resisting law enforcement, intimidation, felon in possession of a handgun, and dealing in a sawed-off shotgun. He has nine prior misdemeanor convictions, including multiple resisting law enforcement convictions, criminal mischief, and criminal trespass. Talton committed the present offenses while out on bond on *five separate cases*, totaling nine charges, including possession of marijuana, conversion, battery, and operating a vehicle while intoxicated. He was alleged to have committed *another*, new resisting law enforcement misdemeanor while out on bond for the present offense. Talton's criminal history evinces a plain disregard for the rule of law, his fellow citizens, and, most pointedly, the commands and safety of law enforcement officers. He has had multiple opportunities to reform his behavior but has been either unwilling or unable to

do so. We do not find Talton's attempts to point out other, more positive, facets of his character to be compelling in light of this history. In sum, we do not find the sentence imposed by the trial court to be inappropriate in light of the nature of the offenses and Talton's character.

[11] The judgment of the trial court is affirmed.

May, J., and Brown, J., concur.