## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 15 2017, 9:35 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Carlos I. Carrillo<br>Greenwood, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Joseph Clingerman,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 15, 2017<br><br>Court of Appeals Case No.<br>79A05-1608-CR-1955<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Randy J. Williams,<br>Judge<br><br>Trial Court Cause No.<br>79D01-1604-F4-12 |

**Bailey, Judge.**

# Case Summary

[1] Joseph Clingerman ("Clingerman") pled guilty to one count of Sexual Misconduct with a Minor, as a Level 4 felony.[1] The trial court subsequently sentenced him to the advisory term of six years of imprisonment, with four years suspended to probation. Clingerman now appeals, challenging his sentence.

[2] We affirm.

# Issues

[3] Clingerman presents two issues for our review, which we restate as:

    I.    Whether the trial court abused its discretion in finding aggravating and mitigating factors at sentencing; and

    II.    Whether the sentence is inappropriate under Appellate Rule 7(B).

# Facts and Procedural History

[4] Clingerman, then twenty-two years of age, initiated an online relationship with a fourteen-year-old girl ("Victim"). After online chats, the two agreed to meet and engage in sexual intercourse. Between February 15, 2016 and March 31,

---

[1] Ind. Code 35-42-4-9(a).

2016, Clingerman and Victim had sexual intercourse twice—once in Armstrong Park in Lafayette, and once in Victim's friend's garage, also in Lafayette.[2]

[5] A warrant for Clingerman's arrest was issued on April 13, 2016, and Clingerman was arrested soon thereafter. Also on April 13, 2016, the State charged Clingerman with two counts of Sexual Misconduct with a Minor, as Level 4 felonies.

[6] On June 27, 2016, Clingerman and the State entered into a plea agreement whereby Clingerman agreed to plead guilty to one count of Sexual Misconduct with a Minor, as a Level 4 felony, in exchange for which the State would move to dismiss the other count. The agreement was open as to Clingerman's sentence. The trial court accepted the plea agreement and ordered that a presentence investigation be conducted.

[7] A sentencing hearing was conducted on August 1, 2016. The court entered judgment against Clingerman and, at the hearing's conclusion, sentenced Clingerman to six years of imprisonment, with two years executed in the Department of Correction and four years suspended to probation.

[8] This appeal ensued.

---

[2] Although he pled guilty only to one count, Clingerman admitted during the presentence investigation to having twice engaged in sexual intercourse with Victim.

# Discussion and Decision

## Aggravators and Mitigators

[9] Clingerman's first contention on appeal is that the trial court abused its discretion in finding aggravating and mitigating factors at sentencing.

[10] Our supreme court has held:

> [T]he imposition of sentence and the review of sentences on appeal should proceed as follows:
>
> 1. The trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a particular sentence.
>
> 2. The reasons given, and the omission of reasons arguably supported by the record, are reviewable on appeal for abuse of discretion.
>
> 3. The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse.
>
> 4. Appellate review of the merits of a sentence may be sought on the grounds outlined in Appellate Rule 7(B).

*Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[11] We review sentencing decisions for an abuse of discretion. *Id.* at 490. While a trial court may abuse its discretion by issuing a sentencing statement that

"omits reasons that are clearly supported by the record and advanced for consideration," a trial court can no longer "be said to have abused its discretion in failing to 'properly weigh' such factors." *Id.* (quoting *Jackson v. State*, 729 N.E.2d 147, 155 (Ind. 2000); *Morgan v. State*, 675 N.E.2d 1067, 1073-74 (Ind. 1996)). Where the trial court has abused its discretion, "we have the option to remand to the trial court for a clarification or new sentencing determination," or "we may exercise our authority to review and revise the sentence." *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007).

[12] Indiana Code section 35-38-1-7.1 sets forth non-exhaustive lists of circumstances that may be considered in aggravation and mitigation of a criminal sentence, and trial courts may consider additional factors in determining a sentence. *Phelps v. State*, 914 N.E.2d 283, 292 (Ind. Ct. App. 2009). "It is well-settled that a single aggravating factor is sufficient to warrant an enhanced sentence." *Guzman v. State*, 985 N.E.2d 1125, 1133 (Ind. Ct. App. 2013). "When a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld." *Id.*

[13] Here, Clingerman challenges numerous of the aggravating factors found at sentencing, and contends that the trial court improperly disregarded mitigating factors. Clingerman observes that one of the two offenses for which he was charged was dismissed, and thus the court could not consider that dismissed charge in aggravation. Clingerman cites *Farmer v. State*, 772 N.E.2d 1025 (Ind. Ct. App. 2002), for the proposition that a trial court abuses its discretion when

it takes into account facts supporting charges that were dismissed as a result of a plea agreement, because harsher sentencing on the basis of these facts would preclude receiving "the full benefit of his guilty plea." *Id.* at 1027. *Farmer* is no longer good law. Specifically addressing the line of cases that includes *Farmer*, the Indiana Supreme Court in *Bethea v. State* held that where a plea agreement called for the dismissal of certain counts and provided for an open plea, "it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them." 983 N.E.2d 1134, 1145 (Ind. 2013).

[14] During the presentence investigation, Clingerman admitted to having twice engaged in sexual intercourse with Victim. As announced by the *Bethea* Court, where a defendant enters into a plea agreement with an open term as to sentencing he receives the benefit of his bargain upon the bargained-for dismissal of the charges. *Id.* Clingerman did not bargain for a sentencing procedure that required the trial court to disregard circumstances of his second offense relevant to sentencing, and trial courts are not required to do so. *See id.* We accordingly find no error in the trial court's finding as an aggravating circumstance Clingerman's admission to having committed the same act upon the same victim on multiple occasions.

[15] Even if Clingerman is correct that one or more aggravating factors were erroneous, we may proceed to exercise our independent review under Appellate Rule 7(B). *See Windhorst*, 868 N.E.2d at 507. In doing so, we note that Clingerman did not receive an enhanced sentence of any type. He received a six-year term—the statutory advisory sentence for a Level 4 felony. Even one

valid aggravating factor can support an enhanced sentence, and a valid aggravating factor did exist, but Clingerman did not receive any form of enhanced sentence.[3]  In other words, Clingerman's argument that his advisory sentence was somehow inappropriately aggravated amounts to a request that we reassess "the relative weight or value assignable" to aggravating and mitigating circumstances.  *Anglemyer*, 868 N.E.2d at 491.  We cannot entertain that argument.  *See id.*

# Appellate Rule 7(B)

[16]   The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Under this rule, and as interpreted by case law, appellate courts may revise a sentence after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender.  *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008); *Serino v. State*,

---

[3] Because Clingerman's sentence was at the advisory level, we cannot conclude that there is merit to his contention that his imprisonment for Sexual Misconduct with a Minor is an unconstitutional imprisonment for failure to pay a debt.

798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. *Cardwell*, 895 N.E.2d at 1225.

[17] Here, Clingerman was convicted of Sexual Misconduct with a Minor, as a Level 4 felony. The sentencing range for a Level 4 felony runs from two to twelve years, with an advisory term of imprisonment of six years. I.C. § 35-50-2-5.5. The trial court sentenced Clingerman to an advisory term, and suspended four of the six years to probation.

[18] Clingerman pled guilty to one count of Sexual Misconduct with a Minor. He encountered Victim, a fourteen-year-old girl, through an online chat service. After Victim suggested they meet for sex, Clingerman initially resisted, but eventually agreed. Clingerman met Victim at a public park, after which they had sexual intercourse. Clingerman remained in contact with Victim, and then met Victim again at a friend of Victim's house and had sexual intercourse again. Prior to both occasions, Clingerman had misgivings because he knew Victim's age; after the first incident, Clingerman agreed to meet for sex a second time because he was not caught the first time.

[19] As to Clingerman's character, we observe that he pled guilty, has no prior criminal history and no history of substance abuse, and expressed some level of regret at having committed the instant offense. Clingerman's family background is troubled, and includes abuse and having been a CHINS during his teenage years. Clingerman is a high school graduate, remained employed from 2014 to 2016 at a series of jobs, and reported having a stable income while

he was employed. Clingerman attended college, but did not complete a degree. Clingerman had a daughter out of wedlock, had incurred a child-support payment of around $370 per month, and at the time of his conviction was $3,335.94 in arrears on the support obligation. (Ex. 1.) He has been diagnosed with Attention Deficit Disorder and had been prescribed medication for the condition in the past, but had not received treatment for several years.

[20] Having reviewed the record, we conclude that in light of the nature of Clingerman's offense and his character, his sentence is not inappropriate.

# Conclusion

[21] The trial court's finding of aggravators and mitigators was not an abuse of discretion, and Clingerman's sentence is not inappropriate.

[22] Affirmed.

Najam, J., and May, J., concur.