FILED

Jul 13 2016, 9:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Ross G. Thomas
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason L. Forshee, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 13, 2016 <br><br> Court of Appeals Case No. <br> 16A05-1511-CR-1923 <br><br> Appeal from the <br> Decatur Superior Court <br><br> The Honorable <br> Matthew D. Bailey, Judge <br><br> Trial Court Cause No. <br> 16D01-1403-FA-192 |

**Kirsch, Judge.**

[1] Jason L. Forshee ("Forshee") pleaded guilty to Class C felony dangerous control of a child,[1] and at the sentencing hearing, the trial court identified aggravating and mitigating circumstances and then sentenced Forshee to four years of incarceration, with six months suspended. Forshee appeals and raises the following restated issue: whether the trial court abused its discretion in sentencing Forshee because it considered as an aggravating circumstance that the victim was in Forshee's "care, custody, or control," which was an element of a dismissed charge.

[2] We affirm.

## Facts and Procedural History[2]

[3] In March 2014, Forshee resided in a home in Greensburg, Indiana with his fiancée, Amy ("Amy"), and their two children, six-year-old son A.F. and seven-year-old daughter N.F. Amy's older son, C.R., who was then age 13, also lived at the home. In the early evening on March 11, all five of the family members were at home and were getting ready to attend a school banquet in recognition of C.R.'s academic achievements. During this time, and while waiting for the others, Forshee began to clean his Colt M4 rifle, which he had used for target shooting some days prior. Before beginning to clean it, he removed the

---

[1] *See* Ind. Code § 35-47-10-7(1)(B). We note that this statute was amended, effective July 1, 2014, but we apply the statute in effect at the time Forshee committed the offense in March 2014.

[2] As Forshee notes on appeal, the affidavit of probable cause was incorporated as part of the factual basis supporting his guilty plea. *Appellant's Br*. at 5 n.2.

magazine and believed the rifle to be unloaded. Sometime during the cleaning process, Amy spoke to Forshee from the bathroom, but he could not hear her, so he set down the rifle on a coffee table and walked away to speak with her. Some seconds later, he heard a loud "pop" and turned to see A.F. holding the rifle. *Sent. Tr.* at 33. A cartridge inadvertently had been left in the rifle's chamber, and A.F. had shot C.R., who died shortly thereafter at the hospital from the injuries.

[4] The State charged Forshee with: Count I, Class A felony neglect of a dependent; and Count II, Class C felony dangerous control of a child. In exchange for the State's dismissal of Count I, Forshee pleaded guilty to Count II, which read:

> The parent of [A.F.], age 6, did recklessly permit [A.F.] to possess a firearm, failing to make reasonable effort to prevent the use of the firearm by [A.F.] to commit a felony offense, to wit: Pointing a Firearm, [C]lass D felony and/or Reckless Homicide, Class C felony, inside the residence[.]

*Appellant's App*. at 11. The Plea Agreement ("Plea Agreement") provided that sentencing "shall be left OPEN," but with a cap of six years on the executed portion of the sentence. *Id*. at 15 (emphasis in original). It further stated, "*The State* will make no sentencing recommendation, but *may present evidence* and victim impact statements." *Id*. (emphasis added).

[5] At the sentencing hearing, after hearing testimony, receiving argument, and after having previously reviewed the letters that had been submitted to it, the

trial court identified mitigating and aggravating circumstances. As far as mitigators, the trial court found that Forshee was remorseful, had led a "law abiding life for a long period of time," was unlikely to commit another crime, and had sought grief counseling. *Sent. Tr.* at 46-47. Contrary to Forshee's request, the trial court did not find that pleading guilty constituted a significant mitigating circumstance, as Forshee received the benefit of dismissal of a Class A felony under the Plea Agreement, and it also rejected Forshee's claim that incarceration would result in undue hardship on Forshee's family, as it results in hardship on most families, and his situation presented no exception.

[6] With regard to aggravators, the trial court observed that Forshee had four prior misdemeanor convictions, but concluded they were unrelated in nature and severity to the current offense, and the most recent was twelve years prior; the trial court therefore determined that Forshee's criminal history was not significant. The trial court recognized as a significant aggravating circumstance that Forshee "was in a position of care, custody or control of the victim in this case, with a family relationship that's been testified about[.]" *Id.* at 45. The trial court also found as a significant aggravator that this offense would have a "long lasting [and] very serious impact" on "the other child in this case and his future life." *Id.*

[7] The trial court sentenced Forshee to the advisory four years for Class C felony dangerous control of a child, ordering it to be executed at the Indiana Department of Correction, with six months suspended to probation. Forshee

filed a motion to correct error, which was deemed denied. Forshee now appeals.

## Discussion and Decision

[8] Forshee contends that the trial court abused its discretion when it sentenced him because it relied on an improper aggravator. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Guzman v. State*, 985 N.E.2d 1125, 1131 (Ind. Ct. App. 2013) (citing *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g,* 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation marks omitted). When imposing a sentence in a felony case, the trial court must provide a reasonably detailed sentencing statement explaining its reason for imposing the sentence. *Id*. As the *Anglemyer* Court explained,

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence - including a finding of aggravating and mitigating factors if any - but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the

> trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Anglemyer*, 868 N.E.2d at 490-91.

[9] On appeal, Forshee does not challenge the trial court's determination with regard to mitigating factors; rather, his challenge is to one of the two aggravators that the trial court recognized as significant. Specifically, he asserts that it was an abuse of discretion for the trial court to rely on the aggravating circumstance that he was "in a position of care, custody, or control over the victim[.]"[3] *Sent. Tr.* at 45. Forshee maintains that it was improper as a matter of law for the trial court to rely on that fact as an aggravator because it is a material element of the dismissed charge (Count I, Class A neglect of a dependent). Forshee's argument, however, was expressly addressed and rejected by our Supreme Court in *Bethea v. State*, 983 N.E.2d 1134 (Ind. 2013).[4]

[10] In *Bethea*, a defendant had been charged with, among other things, felony burglary resulting in bodily injury, and he ultimately pleaded guilty to felony armed robbery and felony criminal confinement. 983 N.E.2d at 1137. At

---

[3] To the extent that Forshee suggests that A.F., the six-year-old who shot the gun, was "the victim" in this case, we disagree. *See Appellant's Br.* at 5 (stating "The trial court did not specify who he was referring to []as the victim in his ruling."). Certainly, in a sense, there are many victims in this tragic case; however, we are certain that the trial court – when stating that "Forshee was in a position of care, custody, or control of the victim in this case" – was referring to C.R., who suffered a fatal gunshot wound when A.F. handled Forshee's rifle, and it discharged.

[4] In support of his position, Forshee cites to *Farmer v. State*, 772 N.E.2d 1025, 1027 (Ind. Ct. App. 2002) and *Roney v. State*, 872 N.E.2d 192, 201 (Ind. Ct. App. 2007), *trans. denied*. *Appellant's Br.* at 6. However, our Supreme Court's decision in *Bethea* abrogated *Farmer* and *Roney*. *See Guzman*, 985 N.E.2 1125, 1132 (Ind. Ct. App. 2013) (recognizing that *Bethea* abrogated *Farmer* and *Roney*).

sentencing, the trial court found "the harm, injury, and loss suffered by the victims" to be an aggravating circumstance. *Id*. at 1138. Bethea appealed his sentence, arguing that it violated the limitation on consecutive sentences in Indiana Code section 35-50-1-2.[5] *Bethea v. State,* No. 18A02-0703-CR-247 (Ind. Ct. App. Nov. 15, 2007). Finding that Bethea had pleaded guilty to a "crime of violence" as defined in the statute, this court found that Bethea's sentences were not subject to the statute, and it affirmed. *Id*. Bethea sought post-conviction relief, arguing that both his trial and appellate counsel were ineffective by failing to challenge the aggravating factors used by the trial court to sentence him. The post-conviction court denied Bethea's petition, and Bethea appealed. *Bethea v. State*, 964 N.E.2d 255 (Ind. Ct. App. 2012), *trans. granted*. On appeal, Bethea argued, among other things, that appellate counsel should have asserted that it was trial court error to treat the victim's injury as an aggravating factor because that was an element of the burglary charge that was dismissed pursuant to his plea agreement. *Id*. at 266. A majority of this court affirmed the post-conviction court's denial of relief. *Id*. at 269.

[11] On transfer, the Supreme Court analyzed, among other things, whether the trial court erred "by treating the victim's injury as an aggravating factor when the

---

[5] Indiana Code section 35-50-1-2 provides that the aggregate sentence for conduct constituting a single episode of criminal conduct, except in situations involving "crimes of violence," may not exceed the advisory sentence for the class of felony that is one level higher than the most serious felony of which the defendant is convicted.

injury was an element of the burglary charge that was dismissed pursuant to [Bethea's] plea agreement." *Bethea*, 983 N.E.2d at 1142. The *Bethea* Court reviewed a line of cases, including *Farmer* and *Roney*, and ultimately held that it was not improper for the trial court in Bethea's case to give significant weight to facts relating to the burglary and other dismissed charges. *Id.* at 1145. It reasoned that although those facts related to elements of the dismissed charges, the terms of the plea agreement did not limit or exclude what may be considered by the trial court. That is, a plea agreement is a contract and each party bargains "to include or exclude certain terms and each party received substantial benefits by arriving at an agreement." *Id.* at 1144. In Bethea's case, Bethea bargained for dismissal of seven of nine counts with which he was charged; the State bargained to ensure a certain conviction on two Class B felonies. Bethea's written plea agreement did not limit what the State could offer as aggravating factors or what the defendant could submit as mitigating factors. "In other words, it did not limit the sentencing evidence, only the maximum sentence." *Id.*

> It is well within the purview of contract law, and consequentially, as mentioned above, the law as it relates to plea bargains, for the Defendant to bargain and the State to accept a plea bargain that forecloses the possibility of the trial court using enhancements from the underlying charges that were dismissed, or from the original charges from which a lesser included plea is taken. However, if a plea bargain lacks such language, we hold it is not necessary for a trial court to turn a blind eye to the facts of the incident that brought the defendant before them.

*Id.* at 1145. Simply stated, "Unless evidence is forbidden by the terms of the plea agreement, the trial court [] may consider all the evidence before [it]." *Id.* at 1146.

[12]   Here, like in *Bethea*, the Plea Agreement did not contain any language "foreclosing the trial court from considering the facts and circumstances relating to the dismissed charge[]." *Guzman*, 985 N.E.2d at 1132. Rather, the Plea Agreement generally provided that the State "may present sentencing evidence[.]" *Appellant's App.* at 15. Therefore, as the *Bethea* Court explained, the trial court did not have to "turn a blind eye" to the facts and circumstances surrounding the case. 983 N.E.2d at 1145. Accordingly, the trial court did not abuse its discretion when it considered as an aggravator the circumstance that, at the time of the incident, Forshee was in a position of care, custody, or control of C.R.[6] *See Guzman*, 985 N.E.2d at 1132 (trial court acted within discretion when, while sentencing defendant for felony reckless homicide, it considered surviving victim's bodily injury as aggravator, even though victim's injury was essential element of two charges that were dismissed pursuant to plea agreement, given that agreement did not contain language foreclosing trial court from considering facts and circumstances relating to dismissed charges).

---

[6] We recognize that "[w]here a trial court's reason for imposing a sentence greater than the advisory sentence includes material elements of the offense, absent something unique about the circumstances that would justify deviating from the advisory sentence, that reason is 'improper as a matter of law.'" *Gomillia v. State*, 13 N.E.3d 846, 852-53 (Ind. 2014). However, that principle is inapplicable here, as the fact that C.R. "was under the care, custody, or control" of Forshee was not a material element of the offense for which Forshee was sentenced.

Affirmed.

Riley, J., and Pyle, J., concur.