# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 08 2018, 7:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Laura Sorge Fattouch
Sorge Law Firm
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard L. Barwick, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 8, 2018

Court of Appeals Case No.
18A-CR-114

Appeal from the
Decatur Superior Court

The Honorable
Matthew D. Bailey, Judge

Trial Court Cause No.
16D01-1703-F3-514

**Kirsch, Judge.**

[1] Richard L. Barwick, Jr. ("Barwick") pleaded guilty to vicarious sexual gratification[1] as a Level 3 felony and was sentenced to seven years with four years executed and three years suspended to probation.  Barwick appeals his sentence and raises the following restated issues for our review:

> I.  Whether the trial court abused its discretion when it found the impact on the victim as an aggravating circumstance; and

> II.  Whether Barwick's sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] On May 25, 2017, the State charged Barwick with Level 3 felony vicarious sexual gratification.  On September 29, 2017, Barwick filed a notice of insanity and a motion to determine competency to stand trial.  The trial court ordered evaluations from Dr. George Parker, M.D. ("Dr. Parker") and Dr. Don Olive, Psy.D. ("Dr. Olive").  Barwick was evaluated by Dr. Parker and Dr. Olive and found to be competent by both doctors.  On November 22, 2017, Barwick pleaded guilty to knowingly or intentionally directing, aiding, inducing, or causing J.C., who was twelve to thirteen years old at the time, to engage in

---

[1] *See* Ind. Code § 35-42-4-5(b)(3).

sexual conduct by providing him a sex toy to use to penetrate J.C.'s anus.[2] *Appellant's App. Vol. 2* at 7, 50-53, 54. In exchange for his guilty plea, the State agreed to a sentence cap of four years of executed time in the Indiana Department of Correction ("the DOC").

[4] At sentencing, J.C.'s mother ("Mother") testified that Barwick and his wife, Danielle, were neighbors and friends to Mother and her children. *Tr.* at 7. They prayed together, shared meals, and socialized with Barwick and Danielle. *Id.* Mother trusted Barwick and Danielle and considered them as family. *Id.* at 9. J.C. loved them and also "looked up to them like family." *Id.* J.C. and his older brother would often go to Barwick's house to play video games or watch movies with Barwick and Danielle, and Barwick would care for J.C. when needed. *Id.* at 7-8, 25. When J.C. was at Barwick's apartment, Barwick allowed him to drink alcohol and smoke cigarettes. *Id.* at 25.

[5] The events that led Barwick to be charged with Level 3 felony vicarious sexual gratification occurred in October 2016. Before that, J.C. had been happy and well adjusted. *Id.* at 8. He would always play outside with other children in the apartment complex and had earned good grades at school. *Id.* In April or May 2017, J.C. revealed Barwick's conduct to Mother. *Id.* at 9. Just before J.C. told

---

[2] We note that Barwick failed to include the transcript of his guilty plea hearing, the probable cause affidavit, or any other source of information from which we could glean the facts of the offense in the record on appeal. Therefore, we use the language of the charging information to set forth the facts of the offense.

Mother about Barwick's actions, Mother observed that J.C. had become very angry and was having a lot of discipline problems at school, which led to J.C. being expelled from school. *Id.* Before J.C.'s disclosure to Mother, she would try to talk with him about what was bothering him, and he would say he was okay. *Id.* J.C. testified that, after the abuse by Barwick, he felt let down and taken advantage of by Barwick and that he was having bad dreams about the abuse. *Id.* at 10, 15. J.C. was in eighth grade at the time of sentencing and had sought counseling as a result of the abuse. *Id.* at 16.

[6] Barwick testified at the sentencing hearing, and when he was asked if he would like to apologize to the family for how he hurt them, he said, "A little bit -- if they would accept my apology," and he later stated, "I would like to direct my sincere apology for anything that I've caused you all personally." *Id.* at 17, 24. Barwick testified that he had memories of being abused but did not have a specific recollection of what occurred. *Id.* at 19. Barwick also stated that he had hallucinations. *Id.* at 19.

[7] The trial court found that Barwick's guilty plea was a mitigating circumstance, but that he received a benefit through the cap on executed time in the plea agreement. *Id.* at 30. The trial court also found Barwick's lack of a prior criminal history and genuine remorse as mitigating factors. *Id.* The trial court took note of the psychological evaluations by Dr. Parker and Dr. Olive and the unsubstantiated childhood trauma suspected by the doctors, finding "some mitigation there," but expressly found that it was not a weighty mitigating factor. *Id.* at 30-31.

The trial court found as an aggravating circumstance that Barwick was in a position of care, trust, and control of J.C. *Id.* at 31. The trial court also considered as an aggravating factor the "impact on the child," demonstrated by "[t]he testimony about what [J.C.'s] gone through, the way he's felt, culminating in an expulsion from . . . school." *Id.* After accepting Barwick's guilty plea for Level 3 felony vicarious sexual gratification, the trial court imposed a sentence of seven years, ordering four years executed and three years suspended to probation. *Id.* at 32. Barwick now appeals.

## Discussion and Decision

## I.    Abuse of Discretion

Sentencing decisions lie within the sound discretion of the trial court. *Forshee v. State*, 56 N.E.3d 1182, 1185 (Ind. Ct. App. 2016). "After a court has pronounced a sentence for a felony conviction, the court shall issue a statement of the court's reasons for selecting the sentence that it imposes unless the court imposes the advisory sentence for the felony." Ind. Code § 35-38-1-1.3. "So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). On appeal, a trial court may be found to have abused its discretion by not entering a sentencing statement at all; entering a sentencing

statement that explains its reasons for imposing a sentence where such reasons are not supported by the record or are improper as a matter of law; or entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration. *Id*. at 490-91. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. *Id.* A single aggravating factor may support an enhanced sentence. *Baumholser v. State*, 62 N.E.3d 411, 417 (Ind. Ct. App. 2016), *trans. denied*.

[10] Barwick argues that the trial court abused its discretion when it found the impact on the child as an aggravating circumstance. He contends that the emotional and psychological effects of a crime are inappropriate aggravating factors unless the harm is greater than usually associated with the crime. Barwick asserts that there was no evidence presented that the emotional and psychological effects of the present crime "were greater than that on any other victim of the same crime." *Appellant's Br*. at 7. Therefore, Barwick maintains that it was an abuse of discretion to find the impact on the victim as an aggravating factor and urges this court to remand to the trial court for a new sentencing hearing.

[11] Initially, we note that the trial court imposed a seven-year sentence with four years executed in the DOC and three years suspended to probation. The sentencing range for a Level 3 felony is between three and sixteen years with the advisory sentence being nine years. Ind. Code § 35-50-2-5(b). Therefore,

the sentence imposed by the trial court was less than the nine-year advisory sentence for a Level 3 felony. As such, the trial court did not impose an enhanced sentence.

[12] Additionally, we need not consider whether the trial court erred in finding the impact on the victim to be aggravating because the trial court found that Barwick was in a position of care, trust, and control of J.C. as an aggravating factor, which Barwick does not challenge on appeal. The record demonstrates that Mother entrusted Barwick with the care of J.C. and considered Barwick as family and that Barwick violated this trust and close relationship when he allowed J.C. to drink alcohol and smoke cigarettes and abused him. In light of these facts, we can say with confidence that the trial court would have imposed the same sentence – seven years with four years executed and three years suspended to probation -- had the trial court properly considered only reasons that are supported by the record. *See Anglemyer*, 868 N.E.2d at 491. The trial court did not abuse its discretion in sentencing Barwick.

## II.   Inappropriate Sentence

[13] Barwick argues that his seven-year sentence with four years executed is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to

leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We independently examine the nature of Barwick's offense and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013) (emphasis in original), *trans. denied*. Whether a sentence is inappropriate ultimately depends upon "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. Barwick bears the burden of persuading us that his sentence is inappropriate. *Id.*

[14] Initially, we note that Barwick has failed to provide this court with any record on appeal regarding the facts or circumstances of his offense. We have not been provided with the transcript of his guilty plea hearing, the probable cause affidavit, or any other source from which to determine the nature of the offense of which Barwick was convicted. Under Indiana Appellate Rule 46, which governs the requirements of an appellant's brief: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." Ind. App. Rule 46(A)(8)(a). An appellant who "fails to support his arguments

with appropriate citations to legal authority and record evidence waives those arguments for our review." *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015). "[W]henever possible, "'we prefer to resolve cases on the merits' instead of on procedural grounds like waiver." *Id.* (quoting *Roberts v. Cmty. Hospitals of Ind., Inc.*, 897 N.E.2d 458, 469 (Ind. 2008)). However, we will find waiver when the circumstances show "'noncompliance with the rule sufficiently substantial to impede our consideration of the issue raised.'" *Pierce*, 29 N.E.3d at 1267 (quoting *Guardiola v. State*, 268 Ind. 404, 406, 375 N.E.2d 1105, 1107 (Ind. 1978)). In the present case, there is nothing in the record that allows this court to conduct a meaningful review of the nature of this offense. After a review of the record, we are unable to sufficiently glean the facts and circumstances that form the nature of the offense. Barwick has, therefore, waived any argument that his sentence is inappropriate due to the nature of the offense.

[15] Waiver of the nature of the offense prong notwithstanding, we proceed with considering whether Barwick's sentence is inappropriate in light of his character. *See Connor v. State*, 58 N.E.3d 215, 219 (Ind. Ct. App. 2016) (observing that appellate court must consider both elements of 7(B) analysis when determining whether sentence is inappropriate even if defendant essentially concedes that sentence imposed would be warranted if court only considered one prong). Here, Barwick asserts that, in considering his character, his mental health and probable history of childhood trauma and acceptance of responsibility demonstrate that his sentence is inappropriate. We disagree. Although Barwick's assertions were supported by the evidence presented at

sentencing, we note that, in committing the crime to which he pleaded guilty, he abused a position of trust and care in that Mother had entrusted Barwick to watch J.C. and thought of Barwick as family. In committing the offense of Level 3 felony vicarious sexual gratification against J.C., Barwick betrayed that trust, which reflects poorly on his character. Additionally, the sentence that the trial court imposed was less than the advisory sentence for a Level 3 felony. We conclude that Barwick's sentence of seven years with four years executed in the DOC is not inappropriate.

[16] Affirmed.

Vaidik, C.J., and Riley, J., concur.