## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 17 2019, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rory Gallagher
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gordon R. George, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 17, 2019 <br><br> Court of Appeals Case No. 19A-CR-592 <br><br> Appeal from the Lawrence Superior Court <br><br> The Honorable William G. Sleva, Judge <br><br> Trial Court Cause No. 47D02-1509-F5-1135 |

**Kirsch, Judge.**

[1]     Gordon R. George ("George") appeals the termination of his placement in the Lawrence County Drug Court program and his sentence of four years executed

in the Department of Correction. George raises the following restated issues for our review:

I.      Whether the trial court abused its discretion when it terminated George's placement in Drug Court; and

II.      Whether the trial court abused its discretion when it did not find George's alleged progress toward sobriety as a mitigating factor.

[2]      We affirm.

## Facts and Procedural History

[3]      On September 19, 2015, a concerned citizen called the police to report that a man in the parking lot of McDonald's restaurant in Bedford, Indiana was sitting in his car and drinking alcohol with two young children in the car. *Appellant's App. Vol. II* at 18. The caller described the car to the police, and when the police arrived, the driver of the car, later identified as George, was traveling eastbound on 16th Street near Poplar Street in Bedford. *Id*. The police stopped the car and, upon approaching the vehicle, immediately observed two young children, unrestrained, in the car. *Id*. The children were George's grandchildren, who are in the custody of George and his wife. *Id*. When the police pulled George over, one of his grandchildren was standing up in the front passenger seat, and the other was in the back seat attempting to reach the child in the front. *Id*. The police determined that George was intoxicated, and a

check of his driving status showed that he was a habitual traffic violator for life without a valid license. *Id.*

[4] On September 21, 2015, the State charged George with operating a motor vehicle after forfeiture of license for life as a Level 5 felony[1] and operating a vehicle while intoxicated endangering a person with a passenger less than eighteen years of age as a Level 6 felony.[2] *Id.* at 17. On February 11, 2016, George pleaded guilty to both charges. *Tr. Vol. 2* at 4-13; *Appellant's App. Vol. II* at 49-54. As part of his plea agreement, George agreed to participate in the Lawrence County Drug Court program ("Drug Court"). *Id.* at 49. As part of the agreement to participate in Drug Court, alcohol and drug use were prohibited. *Id.* at 24-48.

[5] On March 23, 2016, George tested positive for alcohol and also failed to re-submit a breath test as required by his program. *Appellant's Conf. App. Vol. II* at 55. On May 24, 2016, the State filed a notice of violation, and the trial court issued a warrant for George's arrest. *Id.* George was arrested but released to continue his participation in Drug Court. *Id.* at 56. On October 23, 2017, George failed to submit to a drug screen after being given two opportunities, and the next day, George tested positive for methamphetamine. *Id.* at 61. He initially denied using the drug and then told his case manager that someone

---

[1] *See* Ind. Code § 9-30-10-17(a)(1).

[2] *See* Ind. Code §§ 9-30-5-2, 9-30-5-3(a)(2).

must have "put methamphetamine in his tea." *Id*. The State filed another notice of violation, and the trial court issued another warrant for George's arrest. *Id*. at 61-62. George was arrested but was again released to continue his participation in Drug Court. *Id*. at 64. On June 25, July 18, and July 26, 2018, George failed to complete a drug screen as required by his participation in Drug Court. *Id*. at 70. The State filed another notice of violation, and another warrant was issued for his arrest. *Id*. at 70-71. On August 15, 2018, George admitted to using methamphetamine again, and a hair follicle test was completed that tested positive for methamphetamine. *Id*. at 76-77.

[6] Based on George's multiple instances of non-compliance, on August 15, 2018, the State filed a motion to terminate him from Drug Court. *Id*. at 72-74, 76-77. A hearing was held on the State's motion on October 4, 2018, at which George admitted to the allegations. *Tr. Vol. 2* at 41, 43, 46, 49. The trial court terminated George's placement in Drug Court, finding that his actions showed a "pattern of activity or behavior which would warrant termination." *Id*. at 71. During sentencing, the trial court found George's significant criminal history and his failure to comply with the requirements and provisions of Drug Court to be aggravating factors and found his acceptance of responsibility by pleading guilty as a mitigating factor. *Id*. at 85-86. The trial court imposed an aggregate sentence of four years executed in the Department of Correction. *Id*. at 85-87. George now appeals.

# Discussion and Decision

## I.     Termination from Drug Court

George appeals the termination of his placement in Drug Court. Drug Court is a forensic diversion program akin to community corrections or probation, and, on appeal, we will review the termination of placement in Drug Court as we do a revocation of placement in community corrections or a revocation of probation. *Withers v. State*, 15 N.E.3d 660, 663 (Ind. Ct. App. 2014).

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). It is within the discretion of the trial court to determine the conditions of probation and to revoke probation if the conditions are violated. *Castillo v. State*, 67 N.E.3d 661, 663-64 (Ind. Ct. App. 2017), *trans. denied*. Probation revocation is a two-step process. *Hampton v. State*, 71 N.E.3d 1165, 1171 (Ind. Ct. App. 2017), *trans. denied*. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. *Id*. Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation. *Id.* "In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion." *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id*.

[9] George argues that the trial court abused its discretion when it terminated him from Drug Court. George contends that, although the trial court found that he had shown a pattern of activity or behavior that warranted termination from Drug Court, the evidence presented at the termination hearing did not support such a finding. He asserts that his individual violations did not amount to a pattern of non-compliance and his relapse into using methamphetamine was merely an obstacle in the path to recovery on which he had been making progress.

[10] If the trial court "finds that an individual participating in a problem solving court[3] program has violated a condition of the program, the problem solving court judge or hearing officer may . . . terminate the individual's participation in the problem solving court program." Ind. Code § 33-23-16-14.5(e). Although George maintains that the evidence at the termination hearing did not support the trial court's finding, the evidence showed that George tested positive for alcohol or methamphetamine on three occasions. *Tr. Vol. 2* at 75-77. He also missed several drug screens during the course of his Drug Court participation. *Appellant's Conf. App. Vol. II* at 55, 61, 70, 76. All of these actions were violations of the terms of his Drug Court participation. *Appellant's App. Vol. II* at 24-26. The evidence presented at the termination hearing, therefore, did

[3] A "'problem solving court' means a court providing a process for immediate and highly structured judicial intervention for eligible individuals" that incorporates problem solving concepts. Ind. Code § 33-23-16-8. "'[D]rug court' means a problem solving court focused on addressing the substance abuse issues of defendants or juveniles in the criminal justice system." Ind. Code § 33-23-16-5(a).

support the trial court's finding of a pattern of activity or behavior that justified termination. The trial court was within its discretion to conclude that George was unwilling or unable to comply with the terms of his Drug Court participation and that the termination of his participation was warranted.

## II. Failure to Recognize a Mitigating Factor

[11] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Forshee v. State*, 56 N.E.3d 1182, 1185 (Ind. Ct. App. 2016). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation marks omitted). The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and it is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* If the trial court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Anglemyer v. State*, 868 N.E.2d 482, 493 (Ind. 2007), *clarified on other grounds on reh'g,* 875 N.E.2d 218 (Ind. 2007).

[12] George argues that the trial court abused its discretion when it failed to find his substantial progress toward recovery that occurred during his participation in

Drug Court to be a mitigating factor in sentencing. He asserts that he was completely sober for the majority of the thirty months that he participated in Drug Court and completed therapy and treatment. Although he relapsed, George contends that he has recognized that he has a problem and believes that the trial court should have considered his progress as a mitigating factor when sentencing him.

[13] Although George did make progress toward sobriety during the time he spent in Drug Court, the trial court was not required to find this progress as a mitigating factor, especially in light of his recent relapse and violations. *Rogers*, 878 N.E.2d at 272. When sentencing George, the trial court stated that it did not find George's time of sobriety in Drug Court to be a mitigating factor because "there was a pattern of missing screens, not reporting, being dishonest. [He is] an individual who graduated from using meth, to be[ing] completely dishonest, [and] evading the ability for the program to screen him." *Tr. Vol. 2* at 86. The evidence presented at the hearing showed that George had violated the terms of his participation in Drug Court by: (1) testing positive for alcohol and failing to re-submit a breath test on March 23, 2016; (2) failing to submit a drug screen after being given two opportunities and then testing positive for methamphetamine in October 2017; (3) failing to complete drug screens on June 25, July 18, and July 26, 2018; and (4) admitting to using methamphetamine and testing positive for methamphetamine through a hair follicle test on August 15, 2018. *Appellant's Conf. App. Vol. II* at 55, 61, 70, 76-77. George was given many opportunities to correct his behavior, and after a

period of progress, his behavior deteriorated as he began using methamphetamine. In imposing George's sentence, the trial court considered George's behavior during Drug Court, and we conclude that the trial court did not abuse its discretion when it failed to find George's progress toward recovery as a mitigating factor.

[14] Affirmed.

Baker, J., and Crone, J., concur.