## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 30 2020, 8:59 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Jason A. Flora
Peter Robbins
Flora Legal Group
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Taylor Carpenter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ines Garcia Perez,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

December 30, 2020

Court of Appeals Case No.
20A-CR-1396

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause No.
03D01-1907-F6-4179

**Crone, Judge.**

## Case Summary

[1] Ines Garcia Perez appeals the one-year suspended sentence imposed by the trial court following her guilty plea to level 6 felony identity deception, for which the trial court entered judgment of conviction as a class A misdemeanor pursuant to a plea agreement. She contends that the trial court abused its discretion during sentencing and that her sentence is inappropriate in light of the nature of the offense and her character. Finding no abuse of discretion and that she has not met her burden to demonstrate that her sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On February 10, 2019, Maria Martinez reported to the Columbus Police Department that her identity information, including her date of birth and social security number, were being used without her consent for employment at Enkei American, Inc. (Enkei), in Columbus. Martinez provided authorities with the Internal Revenue Service paperwork to verify her report. The police contacted officials at Enkei and confirmed that an individual using Martinez's identifying information was employed there. Enkei supplied police with the tax forms signed by the individual using the information.

[3] Police used an employee photograph provided by Enkei to locate Perez, and she was taken into custody on June 26, 2019. Perez is a citizen of Mexico who has lived in the United States unlawfully since 2003. Perez admitted to police that she obtained Martinez's birth date and social security number from an

unknown person in Columbus who in turn helped her get a fraudulent Texas Department of Public Safety identity card with Martinez's information. Perez admitted that she had worked at Enkei for four years using that information.

[4]   On July 23, 2019, the State charged Perez with one count of level 6 felony identity deception. On June 1, 2020, Perez pled guilty as charged. However, pursuant to the plea agreement, the State agreed that the judgment of conviction would be entered as a class A misdemeanor.[1] Sentencing was left to the trial court's discretion. A sentencing hearing was held on June 30, 2020. During the hearing, Perez's counsel requested a suspended sentence not to exceed 179 days due to the potential immigration consequences of a longer sentence.[2] At the conclusion of the hearing, the trial court imposed a one-year fully suspended sentence. This appeal ensued.

---

[1] Provided certain requirements are met, "if a person has committed a Class D felony (for a crime committed before July 1, 2014) or a Level 6 felony (for a crime committed after June 30, 2014), the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly." Ind. Code § 35-50-2-7(c).

[2] Perez's counsel submitted a sentencing memorandum indicating that her offense "is potentially a crime involving moral turpitude (CIMT) under federal immigration law, and being deemed to have committed such a crime renders a noncitizen inadmissible to the United States." Appellant's App. Vol. 2 at 44-45 (citing 8 U.S.C. § 1182(a)(2)(A)(i)). The memorandum noted that federal immigration law provides an exception if the noncitizen has committed only one CIMT, and such was a crime "for which the maximum penalty does not exceed one year in prison, and the actual sentence imposed must not exceed imprisonment for 6 months." Id. at 45 (citing 8 U.S.C. § 1182(a)(2)(A)(ii)). Counsel indicated that even a suspended sentence in excess of 181 days could "possib[ly]" make Perez statutorily ineligible to ever lawfully be admitted to the United States in the future or qualify for other benefits. Id. Counsel conceded that whether a particular offense even qualifies as a CIMT is "ambiguous," and that further decisions regarding whether a fully suspended sentence would impact Perez's immigration status would be a matter of federal judicial discretion. Id.

# Discussion and Decision

## Section 1 – The trial court did not abuse its discretion during sentencing.

[5] Perez asserts that the trial court abused its discretion during sentencing. "Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion." *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied* (2016). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (quotation marks omitted), *clarified on reh'g*, 875 N.E.2d 218. A trial court may abuse its discretion by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. When reviewing the sufficiency of the sentencing statement, we examine both the trial court's written and oral statements. *Gleason v. State*, 965 N.E.2d 702, 710 (Ind. Ct. App. 2012).

[6] Here, in its oral sentencing statement, the trial court stated that it did not find any aggravating or mitigating factors. Perez asserts that the trial court abused its discretion in omitting mitigating factors that are clearly supported by the record. It is well established that the finding of mitigating circumstances rests

within the trial court's discretion. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). A trial court is not obligated to credit a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). In order to be persuasive, a claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence was both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[7]   Regarding her first proffered mitigator, her lack of criminal history and claim that she had led "a law-abiding life," the trial court specifically stated, "I don't think there is sufficient evidence presented to find a mitigator that she has led a law-abiding life." Tr. Vol. 2 at 19.[3] Indeed, the record demonstrates that Perez had been living in this country illegally since 2003. It is well established that an individual's unlawful immigration status is a valid aggravating factor because it demonstrates a disregard for the law, including immigration laws. *Guzman v. State*, 985 N.E.2d 1125, 1132 (Ind. Ct. App. 2013). Thus, while the trial court did not find Perez's unlawful immigration status as an aggravating factor, it was reasonable under the circumstances for the court to decline to find as mitigating factors her lack of criminal history and claim of being a law-abiding individual.

[8]   Perez next challenges the trial court's failure to find her guilty plea as a mitigating factor. Specifically, the trial court stated, "even though she [pled]

---

[3] Perez complains that the trial court did not "expound" on this finding and that the "record is unclear as to the court's reasoning." Reply Br. at 9, 10. It is well established that "the trial court is not obligated to explain why it has found that the factor does not exist." *Anglemyer*, 868 N.E.2d at 493.

guilty she did receive a benefit, for it being a misdemeanor instead of a felony, so I'm not going to find the plea a mitigator either." Tr. Vol. 2. At 20. In clarifying how to treat a guilty plea, our supreme court offered this analysis:

> We have held that a defendant who pleads guilty deserves some mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

*Anglemyer*, 875 N.E.2d at 221 (citations and internal quotations omitted). Whether a trial court should cite a guilty plea as a mitigating factor "is necessarily fact sensitive, and not every plea of guilty is a significant mitigating circumstance that must be credited by a trial court." *Cherry v. State*, 772 N.E.2d 433, 436-37 (Ind. Ct. App. 2002) (quoting *Trueblood v. State, 715 N.E.2d 1242, 1257 (Ind. 1999), cert. denied* (2000)), *trans. denied*.

[9]     Here, the record shows that Perez's plea agreement was more likely the result of pragmatism than acceptance of responsibility and remorse because the evidence against her was overwhelming. *Anglemyer*, 875 N.E.2d at 221. Moreover, as acknowledged by the trial court, Perez bargained for the specific benefit of having her level 6 felony conviction entered as a class A misdemeanor, which resulted in a sentencing cap of one year. Had Perez been convicted of and

sentenced for a level 6 felony as charged, she faced a sentence of up to two and one-half years. Ind. Code § 35-50-2-7(b). The trial court did not abuse its discretion in concluding that Perez received a substantial benefit from pleading guilty and thus her guilty plea was not a significant mitigating circumstance.

[10] Perez maintains that the trial court's sentencing statement improperly omits additional mitigating factors that were advanced for consideration in her sentencing memorandum submitted to the trial court. In her appellate brief, Perez simply lists those potential mitigating factors and baldly contends that they were "established by the facts," Appellant's Br. at 17, but she makes no attempt to establish that "the mitigating evidence is both significant and clearly supported by the record." *See Anglemyer*, 868 N.E.2d at 493. Accordingly, she has waived our review of these additional factors for failure to provide cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) (defendant's failure to fully develop a cogent argument results in waiver of the issue on appeal), *trans. denied*; Ind. Appellate Rule 46(A)(8)(a) (the argument "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning.").

[11] Waiver notwithstanding, we note that even if the trial court is found to have abused its discretion in sentencing, the error is harmless if the sentence imposed was not inappropriate. *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007), *trans. denied*. We thus turn to Perez's inappropriateness claim.

## Section 2 – Perez has not met her burden to demonstrate that her sentence is inappropriate.

[12] Perez requests that we reduce her one-year suspended sentence to a 179-day sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Absent such a sufficiently compelling evidentiary basis, we will not override the decision of the trial court. *Sorenson v. State*, 133 N.E.3d 717, 728 (Ind. Ct. App. 2019), *trans. denied* (2020).

[13] "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). We

consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[14] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Perez pled guilty to a level 6 felony, but the State agreed that judgment of conviction would be entered as a class A misdemeanor. The legislature has not provided an advisory sentence for class A misdemeanors but has simply provided that "[a] person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one (1) year." Ind. Code § 35-50-3-2. The trial court here imposed a fully suspended one-year sentence which, contrary to Perez's repeated claims, was far from a maximum sentence.[4]

[15] When reviewing the nature of the offense, this Court considers "the details and circumstances of the commission of the offense." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Perez downplays her identity deception by emphasizing that she committed her crime to provide for her family, that her crime was not dangerous or particularly heinous, and that

[4] "[F]or purposes of Rule 7(B) review, a maximum sentence is not just a sentence of maximum length, but a *fully executed* sentence of maximum length." *See Jenkins v. State*, 909 N.E.2d 1080, 1085-86 (Ind. Ct. App. 2009), *trans. denied*.

she did not have any specific ill will toward Martinez. Nevertheless, identity deception is not a victimless crime. Martinez's identifying information was appropriated by Perez for more than four years, and Martinez felt sufficiently victimized to go to the police when she discovered the crime. Although we agree with Perez that her crime was not particularly heinous, we do not find it as benign as she urges, and we certainly do not view it in such a positive light that sentence revision would be warranted. Perez has not met her burden to demonstrate that the sentence imposed by the trial court is inappropriate in light of the nature of her offense.

[16] We are similarly unpersuaded by Perez's arguments that a review of her character warrants sentence revision. The character of the offender is found in what we learn of her life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Simply put, regardless of any positive character traits, Perez has not led a law-abiding life. She admits that she has been in this country illegally since 2003. As already noted above, one's status as an illegal immigrant demonstrates a disregard for the law, including immigration laws. *See Guzman,* 985 N.E.2d at 1132. We are not unsympathetic to Perez's plight and the angst she faces in worrying about the potential repercussions the current conviction and sentence may have on her future immigration status. However, we cannot say that the trial court's imposition of a one-year fully suspended sentence was inappropriate in light of her character and the circumstances presented. Accordingly, we decline Perez's invitation to revise her sentence.

Affirmed.

Najam, J., and Riley, J., concur.